IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FERRER, *et al.*, | Case No. 1:16-cv-02162-APM |
| Plaintiffs, |  |
| v. |  |
| CAREFIRST, INC., *et al.*, |  |
| Defendants. |  |

**DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF STANDING**

Defendants CAREFIRST, INC. ("CFI"), GROUP HOSPITALIZATION AND MEDICAL SERVICES, INC., d/b/a CAREFIRST BLUECROSS BLUESHIELD ("GHMSI"), CAREFIRST OF MARYLAND, INC., d/b/a CAREFIRST BLUECROSS BLUESHIELD ("CFMI"), and, CAREFIRST BLUECHOICE, INC. ("BlueChoice") (collectively "CareFirst") respectfully request that this Court enter an order dismissing Plaintiffs' Class Action Complaint (the "Complaint") in its entirety pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  (Plaintiffs also sued the non-existent entity "CareFirst BlueCross BlueShield.")

The basis for this Motion is as simple as it is compelling: CareFirst gave Plaintiffs the full benefits due to them.  Plaintiffs each received reimbursement for the full Allowed Benefit of the lactation consulting service that they received with no deduction for any co-pay, co-insurance or deductible.  In short, Plaintiffs received their benefits without any "cost-sharing" as defined by the Patient Protection and Affordable Care Act, P.L. 111-148, as amended, and through implementing regulations (the "ACA").

As explained more fully in the accompanying Statement of Points & Authorities, Plaintiffs' entire case is premised on the fundamentally flawed following chain of logic: 1)

CareFirst did not maintain a network of independent participating lactation consultants; 2) Plaintiffs therefore used non-participating independent lactation consultants; and 3) the non-participating lactation consultants can theoretically balance bill the Plaintiffs (meaning that those non-participating consultants can charge the Plaintiffs the difference between what the consultants bill and what Plaintiffs received from CareFirst).  The theoretical exposure to balance billed amounts forms the basis for each cause of action asserted by Plaintiffs.

Neither the ACA, nor the Employee Retirement Income Security Act of 1974 ("ERISA"), nor any other statutory or common law requires CareFirst to maintain a network of participating lactations consultants.  No laws require CareFirst to shield Plaintiffs from balance billing.  The closest thing is the ACA's prohibition against imposing cost-sharing for certain services.  However, the ACA expressly excludes balance billing from the definition of cost-sharing.

Because CareFirst imposed no-cost sharing nor did anything else wrong, Plaintiffs suffered no injury-in-fact and therefore lack constitutional standing to pursue their claims. Nothing can cure this fundamental problem so the case should be dismissed with prejudice.

Dated: January 13, 2017                         Respectfully Submitted

                                                _____/s/_____
                                                Patrick de Gravelles
                                                D.C. No. 457529
                                                Litigation General Counsel
                                                CareFirst BlueCross BlueShield
                                                840 First Street, N.E., DC12-08
                                                Washington, D.C.  20065
                                                Telephone:  (202) 680-7457

                                                *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I, PATRICK de GRAVELLES HEREBY CERTIFY that on this 13th day of January, 2017, true and correct copies of the foregoing Motion, accompanying Statement of Points & Authorities in Support thereof and Exhibit A thereto, and [Proposed] Order were served on counsel of record *via* the Court's CM/ECF system.

_____/s/_____
Patrick P. de Gravelles