**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
**LINDSAY FERRER, et al.,**         )
                                    )
    **Plaintiffs,**              )
                                    )
    **v.**                      )    Case No. 16-cv-02162 (APM)
                                    )
**CAREFIRST, INC., et al.,**        )
                                    )
    **Defendants.**             )
_____)

## MEMORANDUM OPINION AND ORDER

This matter relates to the obligation of health insurers to cover breastfeeding support, supplies, and counseling services (collectively "lactation services") under The Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18001 et. seq. (2010). Plaintiffs are three women enrolled in health care plans insured or administered by Defendant CareFirst, Inc., and three related entities, whom the court will refer to simply as CareFirst. Plaintiffs assert in their Complaint that the ACA mandates coverage for lactation services as a no-cost preventive service, and, thus requires insurers, like CareFirst, either to offer in-network providers for lactation services or, in the absence of in-network providers, cover the full cost of out-of-network services. Plaintiffs allege that CareFirst has no in-network providers for lactation services, so Plaintiffs had to go out of network for those services. CareFirst violated the ACA, Plaintiffs claim, by not covering their out-of-network costs in full, and instead requiring them to pay out of pocket for a portion of those costs. CareFirst, on the other hand, contends that there is nothing improper about requiring an insured to share the costs of out-of-network health care services. According to CareFirst, although the ACA mandates coverage for lactation services, it does not require an insurer to cover the

complete costs of such services when the insured uses an out-of-network provider. Instead, CareFirst insists, under the ACA an insurer is permitted to "balance bill," that is, charge the insured the difference between the allowed benefit under a plan and the total amount billed by an out-of-network provider. Thus, in CareFirst's view, requiring Plaintiffs to pay a portion of the costs they incurred when using out-of-network lactation service providers is entirely lawful under the ACA.

Those are the parties' merits contentions, but the merits are not presently before the court. CareFirst has *not* filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rather, it moves to dismiss under Rule 12(b)(1), asserting that Plaintiffs lack standing because they have suffered no injury. *See* Defs.' Rule 12(b)(1) Mot. to Dismiss for Lack of Standing, ECF No. 9, Stmt. of P. & A. in Supp. of Defs.' Mot. to Dismiss, ECF No. 9-1 [hereinafter Defs.' Mot.]. As explained below, the court denies CareFirst's Motion to Dismiss because CareFirst fundamentally misconstrues the analytical framework of a motion to dismiss for lack of standing under Rule 12(b)(1).

I

Some years ago, in *Haase v. Sessions*, the D.C. Circuit explained how courts are to evaluate a Rule 12(b)(1) motion for lack of standing.

> As a general matter, a plaintiff's standing to pursue a claims rests on the theory of injury presented in the complaint and the facts alleged in support of the claim. If the claim is logically defective in some manner, the court is obliged to dismiss the action and to do so no matter when the defect is brought to the court's attention. To the extent the assessment turns on factual evidence, the court may consider all matters developed in the record at the time of its decision. At [the motion to dismiss] stage, however, the plaintiff is protected from an evidentiary attack on his asserted theory by the defendant, just as the defendant is protected from compulsory discovery. This is the meaning of the many Supreme Court decisions emphasizing that the standing inquiry turns on the allegations in the complaint.

2

835 F.2d 902, 907 (D.C. Cir. 1987). Thus, at the motion to dismiss stage, the proof that can be considered outside the complaint is circumscribed. A plaintiff can augment her pleading with an affidavit that contains specific facts to support standing. *See id.* at 907. The defendant, on the hand, "is barred *at this stage of the proceedings* from attacking the claims made [in the complaint]." *Id.* The defendant, therefore, cannot put forward evidence outside the pleadings to challenge a plaintiff's standing. *See id.* at 908. In short, the standing inquiry turns on the allegations in the complaint and any affidavits submitted by the plaintiff, not on evidence presented by the defendant. *See id.*

In this case, CareFirst's motion to dismiss for lack of standing is premised entirely on outside evidence—an affidavit submitted by Wanda Lessner, an employee of CareFirst. *See* Defs.' Mot., Ex. A, ECF No. 9-2 [hereinafter Lessner Aff.]. Numbering five pages and consisting of 29 separate paragraphs, Lessner explains that each Plaintiff received the benefit for out-of-network lactation services provided under her plan, and CareFirst billed each Plaintiff only for the additional amount charged by the out-of-network provider, that is, the balanced-bill amount. *See id.* Specifically, Lessner identifies the claim or claims submitted by each Plaintiff for lactation services, *id.* ¶¶ 12–13; details how CareFirst's plans work with respect to payment for in-network versus out-of-network providers, *id.* ¶¶ 19–24; and states that, based on her review of CareFirst's records, each Plaintiff received the benefits to which she was entitled under her particular plan, *id.* ¶¶ 26–28. Lessner concludes: "[T]he only amount related to their lactation consultations for which any of the Plaintiffs could have possibly been responsible would be balance billed amounts charged by non-network providers." *Id.* ¶ 29. Based on that evidentiary conclusion, CareFirst contends that no Plaintiff suffered an injury because each received the maximum allowable benefit under her health plan. *See* Defs.' Mot. at 5–7.

CareFirst's reliance the Lessner affidavit is improper at this stage of litigation. *Haase* forbids a defendant from assuming the correctness of its legal theory and offering its own evidence to negate a plaintiff's alleged injury. *Haase*, 835 F.2d at 908. Instead, under Rule 12(b)(1), the factual allegations contained in Plaintiffs' Complaint—Plaintiffs offer no outside evidence—are the focus of the standing inquiry. CareFirst's motion is thus fundamentally flawed because it does precisely what *Haase* says it cannot. Accordingly, the court will not consider the Lessner affidavit in evaluating CareFirst's Motion.

II

The court proceeds to conduct a standing inquiry considering only those facts alleged in the Complaint. The "irreducible constitutional minimum of standing contains three elements": injury in fact, causation, and redressability. *See Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). The plaintiff bears the burden of establishing each element to the standard of proof required at each successive stage of the litigation. *See id.* At the motion to dismiss stage, a court must accept the well-pleaded allegations of the complaint as true and draw all inferences in favor of the plaintiff. *See id.* Threadbare recitals of facts need not be taken as true; nor must the court draw inferences that are unsupported by the alleged facts. *See id.* Ultimately, the complaint must contain sufficient factual matter that supports a plausible case for standing. *See id.*

Plaintiffs' Complaint easily establishes standing at the motion to dismiss stage. An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (footnote, citations, and internal quotation marks omitted). Economic harm, even a dollar's worth, is sufficient to establish injury. *Carpenters Indus. Council v. Zinke*, 854 F.3d 1, 5 (D.C. Cir. 2017).

4

Here, each Plaintiff alleges that CareFirst's denial of full coverage resulted in each Plaintiff having to pay hundreds of dollars out of pocket for lactation services, thereby easily meeting the injury-in-fact requirement. *See* Compl. ¶¶ 13–15. Additionally, Plaintiffs satisfy the element of causation, because they allege that CareFirst's refusal to pay the full cost of out-of-network lactation services, when it offers no in-network providers, violated the ACA and gave rise to their economic harm. *See id.* ¶¶ 63, 74, 79, 83–84. Finally, Plaintiffs' alleged injuries can be redressed by a monetary award, thus satisfying the third requirement of standing. *See id.* at 45. Accordingly, Plaintiffs' Complaint sets forth sufficient facts that plausibly establish standing for each Plaintiff.

For the foregoing reasons, CareFirst's Rule 12(b)(1) Motion to Dismiss is denied.

Dated: July 17, 2017

Amit P. Mehta
United States District Judge