## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
FERRER, *et al.*,                                   )      Case No. 1:16-cv-02162-APM
                                                    )
    Plaintiffs,                   )
                                                    )
       v.          )
                                                    )
CAREFIRST, INC., *et al.*,                          )
                                                    )
    Defendants.                   )
_____              )

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants CAREFIRST, INC. ("CFI"), GROUP HOSPITALIZATION AND

MEDICAL SERVICES, INC. ("GHMSI"), d/b/a CAREFIRST BLUECROSS BLUESHIELD,

CAREFIRST OF MARYLAND, INC. ("CFMI"), d/b/a CAREFIRST BLUECROSS

BLUESHIELD, and, CAREFIRST BLUECHOICE, INC. ("BlueChoice") (collectively

"CareFirst") respectfully file their Answer and Affirmative Defenses to Plaintiffs' Class Action

Complaint.[1]

## ANSWER

The unnumbered introductory paragraph of the Class Action Complaint contains no

factual allegations to which an answer is required.  Rather, the paragraph contains opinions and

conclusions of law.  To the extent that an answer is required, CareFirst denies any factual

allegations.  CareFirst further answers that it did not violate any law as alleged by the Plaintiffs,

that Plaintiffs are not entitled to recover from CareFirst under any of the stated counts or any

_____

[1] In addition to naming the above-referenced Defendants, Plaintiffs also named "CareFirst Blue Cross Blue Shield" which is a fictional entity.  To the extent it is necessary, the CareFirst Defendants also file this Answer and Affirmative Defenses on behalf of that non-existent company.

other theory, that this action is not susceptible to class certification, and that Plaintiffs cannot serve as adequate class representatives in any event.

1.      Paragraph 1 contains no factual allegations to which an answer is required. Rather, the paragraph contains opinions and conclusions of law.  To the extent that an answer is required, CareFirst denies any factual allegations.  Specifically, CareFirst further answers that it did not violate any law as alleged by the Plaintiffs, that Plaintiffs are not entitled to recover from CareFirst under any of the stated counts or any other theory, that this action is not susceptible to class certification, and that Plaintiffs cannot serve as adequate class representatives in any event.

2.      Paragraph 2 contains opinions and conclusions of law to which no answer is required.  To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.  To the extent that an answer is required, CareFirst denies any factual allegations.

3.      Paragraph 3 contains opinions and conclusions of law to which no answer is required.  CareFirst admits that certain governmental agencies adopted various regulations and guidelines to assist in implementation of The Patient Protection and Affordable Care Act ("ACA").  CareFirst denies any other factual allegations.

4.      Paragraph 4 contains opinions and conclusions of law to which no answer is required.  CareFirst admits that certain governmental agencies adopted various regulations and guidelines to assist in implementation of The Patient Protection and Affordable Care Act ("ACA").  To the extent that this Paragraph purports to quote from any such regulations or guidelines, CareFirst states that those documents speak for themselves.  CareFirst denies any other factual allegations.

5.     Paragraph 5 contains opinions and conclusions of law to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself. To the extent that an answer is required, CareFirst denies any factual allegations.

6.     Paragraph 6 contains opinions and conclusions of law to which no answer is required. To the extent that an answer is required, CareFirst denies any factual allegations.

7.     Paragraph 7 contains opinions and conclusions of law to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself. To the extent that an answer is required, CareFirst denies any factual allegations.

8.     Paragraph 8 contains opinions and conclusions of law to which no answer is required. CareFirst denies the factual allegations contained in this Paragraph.

9.     Denied.

10.     Denied.

11.     Paragraph 11 contains opinions and assertions of Plaintiffs' motives to which no answer is required. To the extent that this Paragraph contains factual allegations concerning CareFirst's conduct, CareFirst denies any factual allegations. CareFirst admits that at some relevant point, each Plaintiff had health insurance from or administered by Defendant GHMSI, and that Plaintiff Ferrer at some point also had health insurance from or administered by Defendant BlueChoice. CareFirst specifically denies that any of the Plaintiffs had insurance from or administered by Defendant CFI (which does not administer or issue insurance) or Defendant CFMI.

12.     Paragraph 12 contains opinions and assertions of Plaintiffs' motives to which no answer is required.  To the extent that this Paragraph contains factual allegations concerning CareFirst's conduct, CareFirst denies any factual allegations.

13.     CareFirst denies that Plaintiff Ferrer was insured by Defendant CFI (which does not administer or issue insurance), but admits that she had insurance from Defendant GHMSI at one time and from Defendant BlueChoice at one time.  CareFirst admits that claims for certain lactation consulting services received by Plaintiff Ferrer were submitted but denies that those claims were ultimately processed to include cost-sharing as that term is defined under relevant law.

14.     CareFirst admits that Plaintiff Haddad had insurance from Defendant GHMSI. CareFirst admits that claims for certain lactation consulting services received by Plaintiff Haddad were submitted but denies that those claims were ultimately processed to include cost-sharing as that term is defined under relevant law.

15.     CareFirst admits that Plaintiff Sorscher had insurance from Defendant GHMSI. CareFirst admits that claims for certain lactation consulting services received by Plaintiff Sorscher were submitted but denies that those claims were ultimately processed to include cost-sharing as that term is defined under relevant law.

16.     Admitted except that Defendants deny that Defendant CFI does business anywhere outside of Maryland, or that its principal place of business is in Owings Mills.  Rather, it is located at 1601 S. Clinton Street, Canton, MD.

17.     Admitted.

18.     Admitted except that Defendants deny that Defendant CFMI does business in the District of Columbia.

4

19.     Denied.

20.     Admitted.

21.     Paragraph 21 contains opinions and conclusions of law to which no answer is required.  To the extent that an answer is required, CareFirst denies any factual allegations.

22.     Defendants respond that the information contained on the cited website speaks for itself.

23.     Defendants admit that certain Defendants offer products on various exchanges but deny that Paragraph 23 completely and accurately describes those offerings.

24.     Paragraph 24 contains conclusions of law to which no answer is required.  To the extent that an answer is required, CareFirst denies any factual allegations.  Specifically, CareFirst denies that an amount in excess of five million dollars is at issue or that the members of the putative class and Defendants have the diversity necessary to support jurisdiction under the Class Action Fairness Act ("CAFA").

25.     Paragraph 25 contains opinions and conclusions of law to which no answer is required.  To the extent that an answer is required, CareFirst denies any factual allegations.  Specifically, CareFirst also answers that Plaintiffs are not entitled to relief under the ACA.

26.      Paragraph 26 contains opinions and conclusions of law to which no answer is required.  To the extent that an answer is required, CareFirst denies any factual allegations.  Specifically, CareFirst also answers that Plaintiffs are not entitled to relief under the Employee Retirement and Income Security Act of 1974 ("ERISA").

27.     Paragraph 27 contains opinions and conclusions of law to which no answer is required.  CareFirst does not contest this Court's jurisdiction over any of the Defendants for purposes of this matter.

28.     Paragraph 28 contains opinions and conclusions of law to which no answer is required.  CareFirst does not contest that venue properly lies in this Court for purposes of this matter.

29.     Paragraph 29 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

30.     Paragraph 30 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

31.     Paragraph 31 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

32.     Paragraph 32 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

33.     Paragraph 33 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

34.     Paragraph 34 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

35.      Paragraph 35 contains opinions and conclusions of law to which no answer is required.  To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

36.      Paragraph 36 contains opinions and conclusions of law to which no answer is required.  To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

37.      Paragraph 37 contains opinions and conclusions of law to which no answer is required.  To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

38.      Paragraph 38 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

39.      Paragraph 39 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

40.      Paragraph 40 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

41.      Paragraph 41 contains opinions and conclusions to which no answer is required.

42.      Paragraph 42 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

43.     Paragraph 43 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

44.     Paragraph 44 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

45.     Paragraph 45 contains a legal citation to which no answer is required.  CareFirst states that the cited provision speaks for itself.

46.     Paragraph 46 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

47.     Paragraph 47 contains a legal citation to which no answer is required.  CareFirst states that the cited provision speaks for itself.

48.     Paragraph 48 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

49.     Paragraph 49 contains legal conclusions and a citation to which no answer is required.  CareFirst states that the cited provision speaks for itself.

50.     Paragraph 50 contains legal conclusions and a citation to which no answer is required.  CareFirst states that the cited provision speaks for itself.

51.     CareFirst admits that certain federal agencies have been charged with promulgating regulations to implement the ACA, but deny that CareFirst violated those regulations in any manner that would give rise to Plaintiffs' right to recover under any theory.

52.     Paragraph 52 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

53.     Paragraph 53 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

54.     Paragraph 54 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

55.     Paragraph 55 contains opinions, legal conclusions and a citation to which no answer is required.  CareFirst states that the cited provision speaks for itself.

56.     Paragraph 56 contains opinions and legal conclusions to which no answer is required.  CareFirst denies the factual allegations contained in this Paragraph that purport to describe CareFirst's actions.

57.     Admitted, except that CareFirst specifically denies that Defendant CFI provides or administers any insurance, and further denies that the other Defendants took any action in violation of any law that would give rise to a claim by any of the Plaintiffs.

58.      Paragraph 58 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

59.     Paragraph 59 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

9

60.    Paragraph 60 contains opinions and conclusions to which no answer is required. To the extent that this Paragraph purports to quote from a website, CareFirst states that the site speaks for itself.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Paragraph 69 contains opinions and conclusions to which no answer is required. CareFirst denies all allegations contained in this Paragraph concerning Defendants' conduct.

70.    Denied.

71.    CareFirst has no knowledge of the facts contained in the first sentence of this Paragraph. CareFirst admits that Plaintiff Ferrer consulted a representative, but denies that anything that the representative did or said was improper. Specifically, CareFirst denies that any Defendant took any action in violation of any law that would give rise to a claim by Plaintiff Ferrer.

72.    CareFirst has no knowledge of the facts contained in the first sentence of this Paragraph. CareFirst admits that claims were submitted that reflect Plaintiff Ferrer received lactation consulting services. CareFirst denies that Plaintiff Ferrer was ultimately responsible for any cost-sharing amount, including the amounts described in this Paragraph.

73.    CareFirst admits that claims were submitted that reflect Plaintiff Ferrer received lactation consulting services.  CareFirst denies that Plaintiff Ferrer was ultimately responsible for any cost-sharing amount.

74.    CareFirst admits that it properly processed an appeal.  CareFirst denies that Plaintiff Ferrer was ultimately responsible for any cost-sharing amount, including the amounts described in this Paragraph.  CareFirst further answers that the amount described in the last sentence of this Paragraph was a balance billed amount, which by definition is not cost-sharing.

75.    Denied.

76.    CareFirst has no knowledge of the facts contained in the first sentence of this Paragraph.  CareFirst admits that claims were submitted that reflect Plaintiff Haddad received lactation consulting services.  CareFirst denies that Plaintiff Haddad was ultimately responsible for any cost-sharing amount, including the amounts described in this Paragraph.  Specifically, CareFirst denies that any Defendant took any action in violation of any law that would give rise to a claim by Plaintiff Haddad.

77.    CareFirst admits that Plaintiff Haddad contacted CareFirst.  Specifically, CareFirst denies that any Defendant took any action in violation of any law that would give rise to a claim by Plaintiff Ferrer.

78.    CareFirst admits that claims were submitted that reflect Plaintiff Haddad received lactation consulting services.  CareFirst denies that Plaintiff Haddad was ultimately responsible for any cost-sharing amount.

79.    CareFirst denies any characterization of its actions, but admits that it paid the allowed benefit for Plaintiff Haddad's claim.  CareFirst further denies that Plaintiff Haddad was ultimately responsible for any cost-sharing amount, and states that the amount described in the

last sentence of this Paragraph was a balance billed amount, which by definition is not cost-sharing.

80.    Denied.

81.    CareFirst has no knowledge of the facts contained in the first sentence of this Paragraph.  CareFirst admits that claims were submitted that reflect Plaintiff Sorscher received lactation consulting services.  CareFirst denies that Plaintiff Haddad was ultimately responsible for any cost-sharing amount, including the amounts described in this Paragraph.  Specifically, CareFirst denies that any Defendant took any action in violation of any law that would give rise to a claim by Plaintiff Sorscher.

82.    CareFirst admits that Plaintiff Sorscher consulted a representative, but denies that anything that the representative did or said was improper.  CareFirst has no knowledge about the allegations concerning the actions of other entities or individuals contained in this Paragraph.

83.    CareFirst admits that claims were submitted that reflect Plaintiff Sorscher received lactation consulting services.  CareFirst denies that Plaintiff Sorscher was ultimately responsible for any cost-sharing amount.

84.    CareFirst admits that it properly processed an appeal.  CareFirst denies that Plaintiff Ferrer was ultimately responsible for any cost-sharing amount, including the amounts described in this Paragraph.

85.    Denied.  CareFirst further answers that the amount described in the last sentence of this Paragraph was a balance billed amount, which by definition is not cost-sharing.

86.    Paragraph 86 contains a legal citation to which no answer is required.  CareFirst states that the cited provision speaks for itself.

87.     Paragraph 87 contains a legal conclusion to which no answer is required. CareFirst states that the cited provision speaks for itself.

88.     The first sentence of Paragraph 86 contains a legal conclusion to which no answer is required.  CareFirst states that the cited provision speaks for itself.  CareFirst denies the remainder of the Paragraph.

89.     Denied.

90.     Paragraph 90 contains a legal conclusion to which no answer is required. CareFirst states that the cited provision speaks for itself.  CareFirst specifically denies the conclusion as to Defendant CFI.

91.     Paragraph 91 contains a legal conclusion to which no answer is required. CareFirst states that the cited provision speaks for itself.  CareFirst specifically denies the conclusion as to Defendant CFI.

92.     Denied.

93.     Denied.

94.     Defendants admit that certain Defendants offer products on various exchanges but deny that Paragraph 94 completely and accurately describes those offerings and amounts that the Defendants receive in connection with them.

95.     Defendants admit that certain Defendants offer products on various exchanges but deny that Paragraph 95 completely and accurately describes those offerings and amounts that the Defendants receive in connection with them.

96.     Defendants admit that certain Defendants offer products on various exchanges but deny that Paragraph 96 completely and accurately describes those offerings and amounts that the Defendants receive in connection with them.

97.    Denied.

98.    Denied.

99.    Paragraph 99 contains legal conclusions and a citation to which no answer is required.  CareFirst states that the cited provision speaks for itself.

100.    Denied, except that CareFirst admit that certain Defendants had duties as set forth in controlling law.  CareFirst denies that CFI ever had any such duties or that Plaintiffs accurately describe the duties of the other Defendants.

101.    Paragraph 101 contains legal conclusions and a citation to which no answer is required.  CareFirst states that the cited provision speaks for itself.

102.    Paragraph 102 contains legal conclusions to which no answer is required.

103.    Paragraph 103 contains legal conclusions and a citation to which no answer is required.  CareFirst states that the cited provision speaks for itself.

104.    Paragraph 104 contains legal conclusions and a citation to which no answer is required.  CareFirst states that the cited provision speaks for itself.

105.    Denied.

106.    Paragraph 106 contains opinions and assertions of Plaintiffs' motives to which no answer is required.  To the extent that this Paragraph contains factual allegations concerning CareFirst's conduct, CareFirst denies any factual allegations.

107.    Paragraph 107 contains Plaintiffs' suggested class definition to which no answer is required.  CareFirst specifically denies that this action is not susceptible to class certification, and that Plaintiffs cannot serve as adequate class representatives in any event.

108.    Paragraph 108 contains Plaintiffs' suggested exclusion from the class definition to which no answer is required. CareFirst specifically denies that this action is not susceptible to class certification, and that Plaintiffs cannot serve as adequate class representatives in any event.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    CareFirst incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

117.    Paragraph 117 contains legal conclusions to which no answer is denied. To the extent an answer is required, CareFirst denies all factual allegations contained in this Paragraph.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    CareFirst incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

123.    Denied.

124.    Paragraph 124 contains legal conclusions to which no answer is denied. To the extent an answer is required, CareFirst denies all factual allegations contained in this Paragraph.

125.    Denied.

126.    Denied.

127.    Denied.

128.    CareFirst incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

129.    Paragraph 129 contains legal conclusions to which no answer is denied.  To the extent an answer is required, CareFirst denies all factual allegations contained in this Paragraph.

130.    Paragraph 130 contains legal conclusions to which no answer is denied.  To the extent an answer is required, CareFirst denies all factual allegations contained in this Paragraph.

131.    Paragraph 131 contains legal conclusions to which no answer is denied.  To the extent an answer is required, CareFirst denies all factual allegations contained in this Paragraph.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    CareFirst incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

139.    CareFirst admits that certain documents contain the terms and conditions of the health insurance contracts that certain of the Defendants issue or administer, but deny that Plaintiffs' description is accurate.

16

140.   CareFirst admits that certain documents contain the terms and conditions of the health insurance contracts that certain of the Defendants issue or administer, but deny that Plaintiffs' description is accurate.

141.   CareFirst admits that certain documents contain the terms and conditions of the health insurance contracts that certain of the Defendants issue or administer, but deny that Plaintiffs' description is accurate.

142.   Denied.

143.   CareFirst incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

144.   Denied.

145.   Denied.

146.   Denied.

147.   Denied.

CareFirst denies that Plaintiffs are entitled to any of the relief demanded in the Prayer for Relief and specifically deny that this action is susceptible to class certification, and that Plaintiffs can serve as adequate class representatives in any event.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiffs' and putative class members' claims are not ripe for judicial determination.

### Third Defense

17

Plaintiffs' and putative class members' claims are barred by failure to meet conditions precedent.

### Fourth Defense

Plaintiffs' claims and claims of some putative class members are barred by *res judicata*.

### Fifth Defense

Plaintiffs' claims and claims of some putative class members are barred because they did not pay any cost-sharing amounts as that phrase is defined by relevant law.

### Sixth Defense

Plaintiffs' claims and claims of some putative class members are barred by collateral estoppel.

### Seventh Defense

Plaintiffs' claims and claims of some putative class members are barred by their lack of standing to bring the claims alleged in the Complaint.

### Eighth Defense

Plaintiffs' claims and claims of some putative class members are barred because they are moot.

### Ninth Defense

Plaintiffs' claims and claims of some putative class members are barred by barred by set-off and/or recoupment.

### Tenth Defense

Plaintiffs' claims and claims of some putative class members are barred by release.

### Eleventh Defense

Plaintiffs' claims and claims of some putative class members are barred by accord and satisfaction.

## Twelfth Defense

Plaintiffs' claims and claims of some putative class members are barred by barred by payment.

## Thirteenth Defense

Claims of some putative class members may be barred by statutes of limitations, laches, and/or a time limitation on suit in the relevant contracts of insurance.

## Fourteenth Defense

Plaintiffs' claims and claims of some putative class members are barred by failure to mitigate damages.

## Fifteenth Defense

Plaintiffs' claims and claims of some putative class members are barred by barred by estoppel.

## Sixteenth Defense

Plaintiffs' claims and claims of some putative class members are barred by barred by waiver.


WHEREFORE, Defendants pray that the Plaintiffs take nothing by way of their Class Action Complaint, that the Class Action Complaint be dismissed, that judgment be entered in favor of Defendants, and that Defendants be awarded costs, fees and other relief as deemed just and appropriate by this Court.

Dated: July 31, 2017                                    Respectfully Submitted,

                                                        _____/s/_____
                                                        Patrick de Gravelles
                                                        D.C. No. 457529
                                                        Litigation General Counsel
                                                        CareFirst BlueCross BlueShield
                                                        840 First Street, N.E., DC12-08
                                                        Washington, D.C.  20065
                                                        Telephone: (202) 680-7457

                                                        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, PATRICK de GRAVELLES HEREBY CERTIFY that on this 31st day of July, 2017, a true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses was served on counsel of record *via* the Court's CM/ECF system.

_____/s/_____
Patrick P. de Gravelles